**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 04-1073-PCT-DGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Eric John Meisner, | ) | |
| Defendant. | ) | |

On May 16, 2006, the Court held an evidentiary hearing on Defendant's motion to dismiss. Doc. #32. The Court took the motion under advisement and will issue an order after further briefing. The motion concerns the validity of a traffic stop during which narcotics were found in Defendant's car. The traffic stop was videotaped from a camera mounted in the patrol car of the Department of Public Safety ("DPS") officer who initiated the stop. Defendant testified during the hearing that the videotape does not reflect several events that occurred during the traffic stop, implying that the videotape has been altered.

At the close of the evidence, defense counsel asked the Court to require the Government to transport the original videotape to New Jersey so that it can be examined by an expert. Defense counsel acknowledged that the videotape was previously examined by a defense videotape expert in Flagstaff, and that the expert could see no indication of alteration. Defense counsel also acknowledged that the Government then transported the original videotape to Texas so it could be examined by a second defense expert. The second expert found no evidence of alteration. Defense counsel now asks the Court to require the

1 Government to transport the videotape to New Jersey so it can be examined by a third
2 defense expert. The Government opposes the motion, noting that the videotape has been
3 examined by two experts and that the Government should not be required to undertake the
4 cumbersome and time-consuming process of transporting the videotape through a proper
5 chain-of-custody channels to DEA offices in New Jersey in order to facilitate a third review.

6 This case has been pending since September of 2004. Trial has been postponed while
7 Defendant retained two experts to examine the videotape. In addition, Defendant has filed
8 a motion to dismiss, has changed private counsel, and has filed a supplement to the motion
9 to dismiss. *See* Docs. ##32, 46. The original evidentiary hearing on Defendant's motion to
10 dismiss was continued due to Defendant's illness on the morning of the hearing, and was
11 continued again to accommodate legitimate family needs of defense counsel. Docs. ##61,
12 63.

13 Although defense counsel stated that the New Jersey review could occur quickly and
14 that he would be willing to submit the third expert's report to the Court in writing, counsel
15 for the Government noted that cross-examination of the third expert might be required, as
16 might retention of a Government expert and a possible additional evidentiary hearing.
17 Counsel for the Government characterized Defendant's request for a third expert as a "fishing
18 expedition" to find an expert opinion that might assist him in this case.

19 The Court concludes that Defendant has been afforded a reasonable opportunity to
20 prepare a defense, including examination of the videotape by two defense experts, and that
21 additional delay should not occur. The Court also agrees that the Government should not be
22 required to undertake the expense of transporting the videotape to New Jersey through proper
23 chain-of-custody channels in order to facilitate a third review.

24 In the analogous setting of government-funded defense experts, courts have held that
25 defendants should be afforded an opportunity to undertake reasonable defense efforts that
26 normally would be undertaken by a privately-retained attorney with ample resources. *See*
27 *United States v. Bass*, 477 F.2d 723, 725 (9th Cir. 1973). Courts have also noted, however,
28 that the facilitation of such a defense does not require the Government to subsidize a "fishing

1 expedition" in which the defendant undertakes repeated efforts to obtain favorable testimony.
2 *See United States v. Alden*, 767 F.2d 314, 318-19 (7th Cir. 1984); *United States v. Kasto*, 584
3 F.2d 268, 273 (8th Cir. 1978). Here, Defendant has had the videotape examined by two
4 experts privately retained by his counsel. Neither expert could find evidence of editing or
5 tampering. Defendant's desire to have yet another expert examine the videotape, at the risk
6 of delay and additional cost to the Government, falls into the category of a "fishing
7 expedition."

8 The Court's conclusion is buttressed by the fact that Defendant's claim that the
9 videotape has been altered is not plausible. The videotape began recording when the DPS
10 officer activated his lights and sirens to pull over Defendant's vehicle. The tape runs
11 continuously until Defendant is taken into custody more than one hour later. The timer in
12 the lower right-hand corner of the videotape runs continuously and without interruption from
13 the initial activation of the lights and siren to the final arrest. Officer Mace Craft, whose
14 patrol vehicle created the videotape, testified that he knows of no way to edit or alter a
15 videotape with his patrol car's equipment. He further testified that he personally removed
16 the videotape from his patrol car's recording device, initialed and dated it, and that the
17 videotape has been retained in the Government's custody.

18 The Court did not find Defendant's testimony regarding omissions from the tape to
19 be credible. Defendant testified that Officer Craft first approached the driver's side of his
20 vehicle, had Defendant step out of the vehicle, and engaged in aggressive questioning, none
21 of which is shown on the tape. The video tape shows Defendant's vehicle being pulled to
22 the side of the road, followed immediately by Officer Craft approaching the passenger's side
23 of the car and engaging in a conversation with Defendant and the vehicle's other occupant.
24 The videotape runs continuously throughout this event with the timer running continuously
25 as well.

26 Defendant testified that the tape does not show Officer Craft's initial opening and
27 search of the trunk, steps he allegedly took after withdrawing the keys from the automobile
28 and walking back to open and search the trunk by hand. In fact, the videotape shows Officer

1  Craft opening the trunk later in the stop and examining the contents of the trunk for the first
2  time. He stands and scans the items in the trunk with his flashlight before beginning to move
3  the items on top. This would not be the conduct of an officer who previously had opened the
4  trunk and searched through the items as claimed by Defendant.

5  Defendant testified that Officer Craft asked him about food saver bags during a
6  segment that is not shown on the videotape. In fact, this question is shown on the videotape.
7  Similarly, Defendant testified that Officer Craft asked him about dryer sheets on the back
8  seat of the car at a point that is not shown on the videotape. This question is also shown on
9  the videotape. Thus, if Defendant's version is to be believed, Officer Craft would have asked
10 these questions twice and Defendant would have answered them twice, without any
11 indication in the second question or answer that the subject had already been discussed.

12 The Court finds Officer Craft's testimony about the integrity of the videotape credible
13 and Defendant's description of the omissions not credible. This finding, in addition to the
14 fact that the videotape has already been examined by two defense experts without revealing
15 any evidence of tampering, convinces the Court that further delay is not warranted so that the
16 videotape can be examined by a third expert.

17 **IT IS ORDERED** that Defendant's oral motion to have the original of the videotape
18 transported to New Jersey for additional examination is **denied**.

19 DATED this 19th day of May, 2006.

_David G. Campbell_
David G. Campbell
United States District Judge

- 4 -