SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CR 04-1073-PCT-DGC |
| Plaintiff, ) | No. CV 07-8162-PCT-DGC (ECV) |
| v. ) | **ORDER** |
| Eric John Meisner, ) | |
| Defendant/Movant. ) | |

Movant Eric John Meisner, who is confined in FCI Fairton, in Fairton, New Jersey, filed a *pro se* "Motion Under 28 USC § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody," which the Court dismissed as premature. (Doc.# 116, 118.) The Court subsequently denied a motion for reconsideration and a "motion of rebuttal" and to stay proceedings. (Doc.# 120, 121, 125, 126.) The Court also ordered Movant not to directly contact the court reporter. (Doc.# 131.) Movant has filed a "Renewed Motion of Rebuttal and [to] Stay the Proceedings" with a supplemental memorandum. (Doc.# 129, 130.) He has also filed an objection to the Order prohibiting him from directly contacting the court reporter and two notices. (Doc.# 132, 133, 135.) Finally, Movant has filed a Letter dated April 11, 2008 requesting materials. (Doc.# 134.) Movant's objection to the Order prohibiting direct contact with the court reporter will be overruled. Each of Movant's remaining filings will be denied to the extent that any relief is sought.

**I.     Background**

Movant was sentenced by this Court to a term of 120 months after he pleaded guilty to possession with intent to distribute 5 kilograms or more of cocaine, a violation of 21U.S.C.

§ 841(a)(1). (Doc.# 94, 95.) Movant's judgment of conviction was entered on December 11, 2006, and he filed a notice of appeal on December 14, 2006. (Doc.# 94, 96.) Movant has been appointed attorney Anders Rosenquist to represent him on appeal. (Doc.# 106, 109, 114, 123, 128.)

On December 10, 2007, Movant filed a motion to vacate pursuant to 28 U.S.C. § 2255, which the Court dismissed as premature because Movant's appeal was – and is – pending. (Doc.# 116, 118.) Movant filed a motion for reconsideration, which the Court denied. (Doc.# 120, 121.) Movant then filed a "motion of rebuttal" and to stay proceedings and objection to the Order denying his motion for reconsideration (doc.# 121). (Doc.#125.) The Court construed the "motion of rebuttal" as seeking reconsideration of the denial of his previous motion for reconsideration, i.e., doc.# 121, which it denied. (Doc.# 126.)

## II.  Renewed Motion of Rebuttal and to Stay Proceedings

Movant has filed a "renewed motion of rebuttal" and to stay proceedings.[1] (Doc.#129.) In his renewed motion, Movant asserts that the Court misconstrued his prior "motion of rebuttal" (doc.# 125) as a motion for reconsideration. He asks the Court to "rule on his rebuttals," namely matters concerning whether he was speeding when he was stopped and illicit drugs were discovered. The Court construes the current motion of rebuttal as essentially a motion for reconsideration of the Order denying his prior motion of rebuttal (doc.# 126.)

As the Court previously informed Movant, motions for reconsideration are disfavored and are not the place for parties to make new arguments or to ask the Court to rethink its analysis. See Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir. 1988); United States v. Rezzonico, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998). Courts in this District have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from

---

[1] He also filed a notice of motion indicating that he filed a motion in the Ninth Circuit to stay his appeal, remove appellate counsel, and strike the opening appellate brief; the Court of Appeals has ordered Mr. Rosenquist to respond to the motion.

1  those presented to the Court at the time of its initial decision, and the party could not have
2  known of the factual or legal differences through the exercise of reasonable diligence;
3  (2) material factual events have occurred since the Court's initial decision; (3) there has been
4  a material change in the law since the Court's initial decision; or (4) the moving party makes
5  a convincing showing that the Court failed to consider material facts that were presented to
6  the Court at the time of its initial decision.  Motorola, Inc. v. J.B. Rodgers Mech.
7  Contractors, Inc., 215 F.R.D. 581, 586 (D. Ariz. 2003).  Movant has established none of
8  these circumstances.

9       To the extent that Movant contends that his original motion of rebuttal was
10 misconstrued as a motion for reconsideration, his renewed motion of rebuttal will be denied.
11 Movant is not entitled to move for rebuttal post-conviction.

12 **III.    Letter Dated April 11, 2008**

13      Movant has filed a letter dated April 11, 2008, in which he asks the Court to have
14 copies of docket entries provided to him and to require the court reporter to turn over her
15 tapes of hearings pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552.
16 (Doc.# 134.)  FOIA only applies to agencies of the executive branch of the United States
17 government.  See Moore v. United Kingdom, 384 F.3d 1079, 1089 (9th Cir. 2004).  The
18 judicial branch is exempt from FOIA.  5 U.S.C. § 551(1)(b); Warth v. Dep't of Justice, 595
19 F.2d 521, 522 (9th Cir. 1979).  To obtain copies of documents filed in his case, Movant may
20 request copies from the Clerk's Office.  Movant is not entitled to the court reporter's work
21 product, including notes or tapes made by her.  Movant's requests in his April 11, 2008
22 Letter will be denied.

23 **IV.    Objection**

24      The Court issued an Order prohibiting Movant from directly contacting the court
25 reporter after Movant sent a letter to the court reporter demanding that she respond to his
26 letter within 20 days. (Doc.# 131.)  Movant has filed an objection to that Order taking issue
27 with the Court's characterization of Movant's letter. (Doc.# 133.)  Movant contends that the
28 Order will prevent him from obtaining a more specific certification from the reporter than

1  that already provided, i.e., that the transcripts are complete and accurate. He also asserts that
2  the Order may prevent him "from obtaining information detrimental to the indictment in this
3  case," namely, that Assistant United States Attorney Mary Beth Pfister made a statement that
4  Movant believes was captured on the "audio recorded proceedings" as evidence that the
5  indictment was defective. (Doc.# 133 at 1-2.)

6  Movant's objection will be overruled. The court reporter has reviewed Movant's
7  objections and responded to him in writing that the transcript is correct. Any alleged
8  detriment to him is speculative and he is not entitled to a more specific certification of the
9  transcripts.

10 **V.    Notices**

11 Movant has filed a notice of interrogatories he sent to former counsel and a notice of
12 motions he filed with the Ninth Circuit Court of Appeals. (Doc.# 132, 135.) To the extent
13 that any relief may be sought therein, such relief will be denied.

14 **IT IS ORDERED**:

15 1.  Movant's renewed motion of rebuttal and to stay proceedings is **denied**.
16     (Doc.# 129.)
17 2.  To the extent that any relief is sought in Movant's Letter dated April 11, 2008
18     (doc.# 134) or notices (doc.# 132, 135), such relief is **denied**.
19 3.  Movant's Objection to the Court's April 2, 2008 Order (doc.# 131) is
20     **overruled**. (Doc.# 133.)

21 DATED this 8th day of May, 2008.

David G. Campbell
United States District Judge

- 4 -