SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 04-1073-PCT-DGC |
| Plaintiff, | No. CV 12-8228-PCT-DGC (MEA) |
| v. | **ORDER** |
| Eric John Meisner, | |
| Defendant/Movant. | |

Movant Eric John Meisner, who is confined in the Metropolitan Correctional Center in New York, New York, has filed a *pro se* "Motion Under 28 USC § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" ("Motion").[1] (Doc. 1.) The motion will be summarily denied.

**I.    Background**

Movant was convicted of possession with intent to distribute 5 kilograms or more of cocaine, a violation of 21 U.S.C. § 841(a)(1), pursuant to a plea agreement. Under the plea agreement, the parties agreed that: between 5 and 15 kilograms of cocaine were readily provable as being in Movant's possession and control for purposes of distribution; the

---

[1] Movant previously filed a § 2255 motion on December 10, 2007, which was dismissed based on the pendency of his direct appeal. (Doc. 116, 118.) Movant filed a motion for reconsideration, which was denied. (Doc. 120, 121.) Movant subsequently filed additional motions challenging the denial of motion for reconsideration or the dismissal of his initial § 2255, which were denied. (Doc. 125, 126, 129, 136.)

1  offense level under the U.S. Sentencing Guidelines should be determined only as to the
2  agreed amount; the United States would stipulate that the Adjusted Offense Level applicable
3  to the offense would be reduced by three levels if Movant made full disclosure to the
4  Probation Office of the circumstances surrounding the commission of the offense and
5  demonstrated acceptance of responsibility; Movant would receive the low end of the
6  applicable guideline range so long as the term of imprisonment did not go below the statutory
7  minimum of imprisonment for the offense; and the United States would retain the
8  unrestricted right to make any and all statements it deemed appropriate to the U.S. Probation
9  Office and make factual responses to any statements or objections made by Movant to the
10 presentence report or questions posed by the Court. (Doc. 95.) On December 11, 2006, the
11 Court sentenced Movant to a 120-month term of imprisonment followed by five years on
12 supervised release. (Doc. 94.) Movant appealed. (Doc. 96.) On December 2, 2011, the
13 mandate affirming Movant's conviction was issued. (Doc. 142.) The Ninth Circuit rejected
14 Movant's contention that he had not understood the nature of the appellate and post-
15 conviction rights he was giving up at the time he entered his guilty plea and concluded that
16 this Court had not abused its discretion in determining that Movant had failed to show a fair
17 and just reason for withdrawing his plea. (Id.)

In his § 2255 motion, Movant alleges two grounds for relief. In Ground One, he asserts that the Ninth Circuit Court of Appeals violated his due process rights when it failed to rule on the merits of his motions for appointment of substitute counsel and constructively denied him the right to the effective assistance of appellate counsel.[2] In Ground Two, Movant alleges that this Court violated due process by failing to rule on the merits of a motion for reconsideration of the dismissal of a previous § 2255 motion, which was dismissed based on the pendency of his direct appeal. See n.1, supra.

**II.    Summary Dismissal**

A district court must summarily dismiss a § 2255 application "[i]f it plainly appears

---

[2] This Court lacks jurisdiction to review decisions of the Ninth Circuit Court of Appeals.

- 2 -

1 from the motion, any attached exhibits, and the record of prior proceedings that the moving
2 party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the
3 United States District Courts. When this standard is satisfied, neither a hearing nor a
4 response from the government is required. See Marrow v. United States, 772 F.2d 525, 526
5 (9th Cir. 1985); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982). In this case,
6 the record shows that summary dismissal under Rule 4(b) is warranted because Movant has
7 waived the right to bring a § 2255 motion.

**III.  Waiver**

Movant has waived challenges to his sentence. The Ninth Circuit Court of Appeals has found that there are "strict standards for waiver of constitutional rights." United States v. Gonzalez-Flores, 418 F.3d 1093, 1102 (9th Cir. 2005). It is impermissible to presume waiver from a silent record, and the Court must indulge every reasonable presumption against waiver of fundamental constitutional rights. United States v. Hamilton, 391 F.3d 1066, 1071 (9th Cir. 2004). In this action, Movant's waiver was clear, express, and unequivocal.

Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005). A defendant may waive the statutory right to bring a § 2255 action challenging the length of his sentence. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992). The only claims that cannot be waived are claims that the waiver itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary. See Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver); Pruitt, 32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain); Abarca, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective

- 3 -

assistance or involuntariness of the waiver); see also Jeronimo, 398 F.3d at 1156 n.4 (declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

"Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside [the category of ineffective assistance of counsel claims challenging the validity of the plea or the waiver] are waivable." United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001). See also Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.").

As part of his plea agreement, Movant made the following waiver:

> The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or information or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant, providing the sentence is consistent with this agreement. **The defendant further waives:** (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and **(3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case**.

(Doc. 95 at 4) (emphasis added). Movant indicated in his plea agreement that he had discussed the terms with his attorney, agreed to the terms and conditions, and entered into the plea voluntarily. (Id. at 6-8.)

None of Movant's assertions in his § 2255 motion pertain to the voluntariness of the waiver of the right to seek post-conviction relief. Movant expressly waived issues regarding the imposition of sentence and expressly waived the right to bring a § 2255 motion. The Court accepted his plea as voluntarily made. Consequently, the Court finds that Movant waived the issues raised in his § 2255 motion. The Court will summarily dismiss the motion.

Accordingly,

**IT IS ORDERED:**

(1) The Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 143 in CR04-1073-PCT-DGC) is **denied** and the civil action opened in connection with this Motion (CV12-8228-PCT-DGC (MEA)) is **dismissed with prejudice**. The Clerk of Court must enter judgment accordingly.

(2) Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

DATED this 11th day of February, 2013.

_David G. Campbell_
David G. Campbell
United States District Judge